UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-0560 |
| ) | Judge Trauger |
| RICKY BELL, WARDEN ) | |
|     Respondent. ) | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2241 against Ricky Bell, his former custodian at the Riverbend Maximum Security Institution, seeking a writ of habeas corpus.[1]

### **I. Background**

In 1991, the petitioner was sent to prison to serve a twelve year sentence for aggravated robbery (2 counts), aggravated burglary and theft of property. Docket Entry No. 23-1 at pgs. 11-12. After serving almost five years of the sentence, the petitioner was released from prison on parole. *Id.* at pg. 64.

Less than four months after his release, the petitioner was charged with theft of property, robbery (2 counts) and aggravated robbery (4 counts). As a result of these charges, the petitioner's

---

[1] When this action was filed, the petitioner was an inmate at the Riverbend Maximum Security Institution in Nashville. He has since been transferred to the Morgan County Correctional Complex. *See* Docket Entry No. 17.

1

parole was revoked. *Id.* at pg. 29. The petitioner later pled guilty to the charges and received an aggregate sentence of twenty five (25) years in prison, to be served consecutively with the sentence for his 1991 convictions. Willis v. Settle, 162 S.W.3d 169, 173, Fn. No. 2 (Tenn. Ct. App. 2004).

In August, 1999, the petitioner became ill (an apparent drug overdose) and was transported to a free-world hospital in Jackson, Tennessee. Docket Entry No. 23-6 at pg. 3. Two days after he was admitted to the hospital, the petitioner overpowered a guard, took his pistol, and pointed the pistol at the guard's head. The petitioner then took a hostage, stole a car, and escaped from the hospital. Following a high speed chase on the interstate, the petitioner was recaptured and returned to prison, where he has since remained in segregation as a security risk. Willis, *supra* at pg. 173.[2]

Upon his return to prison, the petitioner received a disciplinary report charging him with escape and assaulting an employee. He pled guilty to the charges. Docket Entry No. 23-3 at pgs. 225-29.[3] A month later, the Tennessee Board of Paroles conducted a hearing and determined that the petitioner's 1997 sentence of twenty five years would commence running on September 20, 2003. Docket Entry No. 23-1 at pgs. 4-5. On January 5, 2001, the petitioner pled guilty in state court to charges arising from his escape (especially aggravated kidnapping, escape, aggravated robbery and aggravated assault). For these crimes, he received an aggregate sentence of twenty five (25) additional years in prison, to run consecutively to his previous twenty five year sentence. Docket

---

[2] The petitioner's prison record showed that, from 1993-1997, he had disciplinary convictions for possession of a deadly weapon, fighting, threatening an employee, and other lesser offenses. Settle v. Tennessee Department of Correction, 276 S.W.3d 420, 424 (Tenn. Ct. App. 2008).

[3] When the petitioner was captured with a handcuff key in his possession, he admitted to planning the escape before he ever left the prison for the hospital. Docket Entry No. 23-3 at pg. 228; Settle v. Tennessee Department of Correction, supra at pg. 428.

2

Entry No. 23-2 at pgs. 13-17.

## II. State Proceedings

In August, 2005, the petitioner submitted a Petition for Declaratory Order with the Tennessee Department of Correction, alleging that his due process rights had been violated when he was placed in administrative segregation. More specifically, the petitioner complained that he did not receive a post-hearing written statement which included a recitation of the evidence relied upon for the decision to segregate him. Docket Entry No. 23-3 at pg. 4. Two months later, the Tennessee Department of Correction denied the Petition for Declaratory Order. *Id.* at pg. 5.

A Petition for Writ of Certiorari was then filed in the Chancery Court of Davidson County. *Id.* at pgs. 2-11. In the Petition, it was alleged that the petitioner had been denied "his full due process rights prior to being placed on administrative segregation". *Id.* at pg. 9. The petitioner sought an immediate release from administrative segregation and his return to the general prison population. *Id.* at pg. 10. The Petition for Writ of Certiorari was denied. *Id.* at pgs. 364-70. On appeal, the Tennessee Court of Appeals affirmed the lower court ruling. Settle v. Tennessee Department of Correction, 276 S.W.3d 420 (Tenn. Ct. App. 2008). The Tennessee Supreme Court subsequently denied the petitioner's application for further review. Docket Entry No. 23-8. The petitioner chose to renew his effort to escape segregation by filing an application in the Tennessee Court of Appeals for an Extraordinary Appeal. Docket Entry No. 23-9. This application was unsuccessful. Docket entry No. 23-10.

During the time that his Petition for Writ of Certiorari was still pending in the state courts, the petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Davidson County. In that action, the petitioner alleged that the Parole Board had violated his right to due process by

3

taking an unreasonable amount of time (6 years) in which to determine when the running of his 1997 sentence should commence. Docket Entry No. 23-11 at pgs. 5-11. The petition was dismissed because the petitioner had neglected to provide a transcript of the Parole Board proceedings. *Id.* at pgs. 38-40. On appeal, the Tennessee Court of Appeals affirmed the denial of habeas corpus relief. However, the affirmation was based upon petitioner's failure to state a claim. Docket Entry No. 23-13 at pgs. 2-3. The Tennessee Supreme Court later denied petitioner's application for further review. *Id.*

### III. Procedural History

On June 10, 2009, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). In the petition, the petitioner alleges three claims for relief. These claims include

> (1) the petitioner was denied the due process guaranteed him by state law when the Tennessee Board of Paroles took an unreasonable amount of time in which to determine when the running of the 1997 sentence should commence;
>
> (2) the delay in running the 1997 sentence served to deny the petitioner equal protection because he was unable to accrue sentence reduction credits at a rate comparable to other similarly situated prisoners; and
>
> (3) the petitioner was placed in segregation in violation of his due process rights "because the Warden did not approve in writing the reason for their respective actions."

Upon preliminary examination of the petition, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition.

The respondent answered with a Motion to Dismiss (Docket Entry No. 8) the petition. The petitioner replied with a Motion for Summary Judgment (Docket Entry No. 11). The Court found

4

no merit in either dispositive motion and both were denied by an order (Docket Entry No. 15) entered on August 27, 2009. The respondent was once again directed to "re-file his response to the petition ......".

Presently pending before the Court is the respondent's Answer (Docket Entry No. 20) to the petition, to which the petitioner has filed Response in Opposition (Docket Entry No. 24). Having carefully considered the respondent's Answer, petitioner's Response in Opposition, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require.

## IV. Timeliness of the Petition

In his Answer, the respondent raises the affirmative defense of untimeliness. A habeas corpus petition challenging the execution of a state sentence under 28 U.S.C. § 2241 is subject to a one year limitation period. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); *see also* Dillon v. Hutchinson, 2003 WL 22746085 (6th Cir. (Tenn.)). This period begins to run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D)[4].

On September 20, 1999, the Parole Board conducted a hearing and determined that the petitioner's 25 year sentence given to him for crimes committed while on parole in 1996 (the "1997 sentence") would not commence to run until September 20, 2003. Docket Entry No. 23-1 at pgs. 4-5.

---

[4] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date that the factual predicate of the claim could have been discovered. The other three potential dates do not apply in this case.

5

The petitioner has alleged that this delay in the running of his 1997 sentence has served to infringe upon his rights to due process (Claim No. 1) and equal protection (Claim No. 2).

The petitioner attended the September 20th hearing. Docket Entry No. 23-1 at pg. 8. He was aware at that time that his 1997 sentence would not commence running anytime soon. The petitioner has not suggested that he was not notified a short time thereafter of the exact date the 1997 sentence would commence running. Thus, petitioner's Claim Nos. 1 and 2 should have been raised in a federal habeas corpus action no later than October, 2000. This action was filed in June, 2009. Therefore, these claims are untimely and are not subject to adjudication.[5]

The petitioner's final claim (Claim No. 3) is that he was placed in segregation and has remained there in violation of his right to due process. The petitioner was sent to segregation after he was recaptured in August, 1999. He has known that he would remain in segregation indefinitely since then. The petitioner did not challenge his continued confinement in segregation until August, 2005, when he filed a Petition for Declaratory Order with the Tennessee Department of Correction. This claim, therefore, is also untimely.[6]

Given the untimeliness of his claims, the petitioner has failed to state a claim upon which

---

[5] Normally, the one year limitation period will be tolled during the time that a post-conviction proceeding is pending in the state courts. 28 U.S.C. § 2244(d)(2). However, the petitioner's equal protection claim was never raised in the state courts. His due process claim relating to the commencement of the 1997 sentence was not raised until he filed a petition for state habeas corpus relief in July, 2007. Docket Entry No. 23-11 at pgs. 5-11. Since the limitation period for these claims had long since elapsed in 2000, the state habeas corpus proceedings had no tolling effect.

[6] In any event, the petitioner has already unsuccessfully prosecuted the merits of this due process claim in federal court in the form of an action brought pursuant to 42 U.S.C. § 1983. Mike Settle v. Ricky Bell, et al., Civil Action No. 3:07-0401 (Campbell, C.J., presiding), at Docket Entry Nos. 83 and 85.

relief can be granted. Accordingly, an order will be entered denying the petition and dismissing the instant action for that reason.

_____
Aleta A. Trauger
United States District Judge